**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIA G. VILLALOBOS, <br><br> Plaintiff, <br><br> v. <br><br> MEYER NJUS TANICK, PA, <br><br> Defendant. | Case No.: 1:19-cv-00545 <br><br> Honorable Judge Ruben Castillo |

**JOINT INITIAL STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, the parties submit the following Joint Initial Status Report.

**1.    The Nature of the Case**

    a.    **Basis for jurisdiction, nature of the claims and counterclaims.**

        This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection practices Act ("FDCPA"), 15 U.S.C §1692 *et seq*. Subject matter jurisdiction exists over the FDCPA claims under 28 U.S.C. §§ 1331 and 1337.

    b.    **Relief sought by Plaintiff, including computation of claimed damages, if available.**

        Plaintiff seeks statutory damages of up to $1,000.00 under the FDCPA, 15 U.S.C §1692k(a)(2)(A).  Plaintiff seeks actual damages under the FDCPA, 15 U.S.C §1692k(a)(3), in an amount to be determined.  Finally, Plaintiff seeks payment of her reasonable costs and attorney fees under the FDCPA, 15 U.S.C §1692k(a)(3), in an amount to be determined.

1

    c.    **Names of any parties that have not been served.** None

    d.    **Major legal issues.**

Did Defendants engage in false and deceptive conduct as defined by the FDCPA in its interactions and communications with Plaintiff?

Has Plaintiff sufficiently pled an injury in fact so as to have standing to bring her claims under Fed. R. Civ. P. 12(b)(1)?

Has Plaintiff pled sufficient facts to support her conclusion that the subject debt is a consumer "debt" as defined in the FDCPA?

Has Plaintiff pled sufficient facts to state a claim under Fed. R. Civ. P. 12(b)(6)?

    e.    **Major factual issues.**

Did attorney Elila K. Civelli meaningfully review the correspondence dated December 26, 2018 prior to Defendant sending it to Plaintiff?

Is the correspondence accurate as to the delinquency of Plaintiff's account and the amount owed?

Does the Plaintiff's debt meet the definition of "debt" under 15 U.S.C. 1692a(5) so as to be covered by the FDCPA?

    f.    **Citations to <u>key</u> authorities which will assist the Court in understanding and ruling on the issues.**

*Bucholz v. Meyer Njus Tanick, PA*, 18-CV-607, 2018 WL 4625740 (W.D. Mich. 2018)

*Walker v. Lyons, Doughty & Veldhuis, P.C.*, 18-CV-513, 2019 WL 1227792 (S.D. Ohio 2019)

2.    **<u>Preparation of Draft Scheduling Order</u>**

    a.    The Parties anticipate both oral and written discovery.

    b.    This matter is subject to the Mandatory Initial Discovery Plan ("MIDP"). As such, the Parties will comply with those procedures.

    c.    The Parties do not anticipate the need for expert discovery at this time. The Parties request a status conference near the close of fact discovery to advise the Court if they believe expert discovery is needed.

    d.    The Parties to complete fact discovery by January 28, 2020. All written discovery, subpoenas, and deposition notices shall be served with sufficient time to complete depositions of all fact witnesses by this date.

    e.    The Parties to file dispositive motions by February 28, 2020.

3. **Trial Status**

    a.    **Whether or not a jury has been requested.** Plaintiff has demanded a trial by jury.

    b.    **Probable length of the trial.** The Parties believe a trial by jury will last no more than two days.

4. **Consent to Proceed Before a Magistrate Judge**

    a.    **Whether or not the parties will consent to proceed before a Magistrate Judge for all proceedings including trial.** The Defendant does not consent to proceeding before a Magistrate Judge.

5. **Settlement Status**

    a.    **Whether or not settlement discussions have been held and the status of those discussions, if any.** Plaintiff has tendered a settlement demand to Defendant.

Dated: March 25, 2019

Respectfully submitted,

*s/ Nathan C. Volheim*
Nathan C. Volheim
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
630-568-3056 (phone)
nvolheim@sulaimanlaw.com
*Counsel for Plaintiff*

*/s/ Evan D. Powell*
Evan D. Powell
Jonathan M. Lively
Segal McCambridge Singer & Mahoney, Ltd.
233 South Wacker Drive – Suite 5500
Chicago, Illinois 60606
Phone: (312) 645-7800
edpowell@smsm.com
jlively@smsm.com
*Attorneys for Defendant Meyer Njus Tanick, PA*