UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA G. VILLALOBOS, <br><br> Plaintiff, <br><br> v. <br><br> MEYER NJUS TANICK, PA, <br><br> Defendant. | AMENDED CIVIL COMPLAINT <br><br> CASE NO. 1:19-cv-00545 <br><br> DEMAND FOR JURY TRIAL |

## FIRST AMENDED COMPLAINT

NOW comes MARIA G. VILLALOBOS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MEYER NJUS TANICK, PA ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a 22 year old consumer and a natural person residing in Hillside, Illinois, which lies within the Northern District of Illinois.

5. Defendant is a debt collection law firm that specializes in the collection of debts owed to third-parties. Defendant is a professional association organized under the laws of the state of Minnesota with its principal place of business located at 330 Second Avenue South, Suite 350, Minneapolis, Minnesota. Defendant maintains an Illinois office at 33 North Dearborn Street, Suite 1301, Chicago, Illinois 60602.

6. On its web-site Defendant identifies itself as a debt collector.[1]

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon an outstanding Synchrony Bank consumer obligation ("subject consumer debt") allegedly owed by Plaintiff.

10. The subject consumer debt stems from an Old Navy store credit card issued through Synchrony Bank – and Synchrony Bank is in the business of extending consumer finance to consumers through the issuance of various store credit cards.[2]

11. All of the purchases Plaintiff made with the Old Navy store credit card issued through Synchrony Bank were made in connection with Plaintiff's personal use.

---

[1] https://meyernjus.com/collections/consumer-debtors/
[2] https://www.mysynchrony.com

12. After incurring the subject consumer debt, Plaintiff allegedly defaulted on her payment to Synchrony Bank.

13. Synchrony Bank turned the collection of the subject consumer debt over to Defendant after Plaintiff's alleged default.

14. On or around December 26, 2018, Defendant caused to be sent a correspondence to Plaintiff which sought collection of the subject consumer debt. *See* Exhibit A.

15. The correspondence identifies Defendant as "Attorneys at Law" and a "debt collector".

16. The correspondence further listed the attorneys whom work for Defendant and their jurisdictions of admission. Among the attorneys identified is Elila K Civelli ("Civelli").

17. On the signature line of the correspondence it purported to be sent by attorney Civelli. However, the correspondence contained only an indiscernible scribble.

18. Synchrony Bank is one of the largest issuers of credit in the United States. As such it stands to reason that Synchrony Bank has a proportionally large number of accounts that are referred to collection activities by third-party debt collectors such as Defendant.

19. Synchrony Bank works with Defendant on a regular basis and Defendant sends thousands of identical collection letters to consumers on a daily basis. *See e.g., Knack-Toms v. Meyer Njus Tanick, PA* No. 18-cv-50249, 2018 U.S. Dist. LEXIS 192002 (N.D. Ill. Nov. 9, 2018).

20. The collection letter at issue here contains nearly identical language as the collection letter in *Knack-Toms*.

21. The attorney purportedly sending the correspondence to Plaintiff allow their signature to be included on hundreds of such collection letters per day without engaging in a meaningful review of the underlying account prior to determining the veracity of the representations.

22. The lack of attorney review is evidenced by the nature of the signature appearing on the correspondence.

23. The automated nature of the manner in which Defendant sends its collection letters is further demonstrated by the existence of a bar code on the bottom of each collection letter, as this bar code is likely included as a way to more readily track the mass amount of collection letters Defendant sends to consumers on a daily basis.

24. Based upon the automated nature of Defendant's collection letter process, and the representations inherent within such communications, it would be virtually impossible for a single attorney to review the mass amount of collection letters Defendant sends in relation to Synchrony debts.

25. The lack of meaningful review in the correspondence sent by Defendant is further evinced upon considering and reviewing the multitude of complaints that have been filed against Defendant in federal courts throughout the country, as well as with the Consumer Financial Protection Bureau.[3]

26. These complaints elucidate a problematic course of conduct (e.g., attempting to collect upon an incorrect consumer, attempting to collect an incorrect amount, attempting to collect money exempt from collection, failing to provide sufficient information regarding the underlying debt, threatening to sue for time-barred debts, etc. etc.) which seemingly would or could have been avoided had Defendant's attorneys meaningfully reviewed the correspondence.

27. Defendant's communications, purportedly reviewed by attorneys prior to being sent, are done with the goal to exert undue pressure on Plaintiff and consumers generally to compel them

---

[3] *See* https://www.consumerfinance.gov/data-research/consumer-complaints/search/?from=0&searchField=all&searchText=&size=25&sort=created_date_desc

into making payment of out of fear that Defendant, a law firm, will file a lawsuit against them if payment is not made.

28. As a result of receiving the correspondence, Plaintiff was unfairly confused regarding Defendant's representations and examination of the subject consumer debt, and was further subjected to undue pressure that an attorney had reviewed her account and determined it was proper for legal action.

29. Plaintiff has suffered financial loss including expending assets dealing with Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

32. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

33. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

34. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated 15 U.S.C. §§ 1692e, e(3), and e(10) by sending a correspondence to Plaintiff suggesting that it was from, and reviewed by, an attorney. Upon information and belief, the attorney whose signature appears on the correspondence allow their signature to be used on hundreds of collection letters on a daily basis. Based on the sheer volume of collection letters Defendant's attorneys send on a daily basis, Defendant's attorneys could not have engaged in a meaningful review of each collection letter sent and the underlying account(s) associated with those letters. Instead, it is clear that Defendant's collection letter were the result of a mass produced campaign. Sending form collection letters en masse said to be from an attorney when such attorney did not engage in a meaningful review of the letter and associated accounts falsely implies that such attorney has reviewed the file and made the professional, considered determination to send the letter. Instead, the lack of sufficient review and the lack of any attorney judgment as to whether to send collection letters is in violation of the FDCPA.

    b. **Violations of FDCPA § 1692f**

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by falsely represented to Plaintiff the correspondence was reviewed by an attorney. Based upon the mass produced nature of Defendant's collection letter, Defendant unfairly attempted to escalate the concern over the subject consumer debt in Plaintiff's mind by suggestion attorneys

had reviewed her file and decided it was appropriate for legal action. These means employed by Defendant only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, MARIA G. VILLALOBOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 30, 2019                                    Respectfully submitted,

s/ Nathan C. Volheim                                     s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                         Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                    Counsel for Plaintiff
Admitted in the Northern District of Illinois            Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                 Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                      2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                  Lombard, Illinois 60148
(630) 568-3056 (phone)                                   (630) 581-5858 (phone)
(630) 575-8188 (fax)                                     (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                 thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)

(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com