**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIA G. VILLALOBOS, | |
|      Plaintiff, | Case No.: 1:19-cv-00545 |
| v. | Honorable Ruben Castillo |
| MEYER NJUS TANICK, PA., | |
|      Defendant. | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT MEYER NJUS TANICK, PA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Meyer Njus Tanick, PA ("Meyer Njus"), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), moves to dismiss Plaintiff Maria Villalobos's claims for lack of standing and failure to state a claim upon which relief may be granted, and in support states:

## I.    INTRODUCTION

This is a professional liability action brought by Maria Villalobos, alleging that Defendant, Meyer Njus, violated sections 1692e(3), 1692e(10), and 1692f of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. 1692 et seq. This action centers on a debt collection letter sent by Defendant on December 26, 2018 seeking collection of an outstanding debt owed to Synchrony Bank. Plaintiff's First Amended Complaint, ¶¶ 9-13 (hereinafter "complaint"). Plaintiff states that the subject consumer debt stems form an Old Navy store credit card and that all the purchases Plaintiff made with the card were "made in connection with Plaintiff's personal use." *Id.* at ¶¶ 10-11. Plaintiff attached the letter to her complaint as Exhibit A. *See Id.* The letter is on Defendant's letterhead, identifies Defendant as "Attorneys at Law" and a "debt colletor," and further names attorney Elila Civelli in the signature block with her signature. *Id.* at ¶¶ 14-16 and Exhibit A.

The body of the letter states:

"This law firm has been retained to collect the above-referenced debt. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

"Unless you notify this firm within 30 days after receiving this notice that you dispute the validity of this debt or any portion therefo, this firm will assume the debt to be valid. If you notify this firm in writing within 30 days after receiving this notice that you dispute the debt, or any portion thereof, this firm will obtain verificaition of the debt or obtain a copy of ajudgment and mail you a copy of such verification or judgment. Additionally, upon your written request within 30 days after receiving this notice, this firm will provide you with the name and address of the original creditor, if different from the current creditor."

"If you would like to make a payment on this debt, please call our firm at 1-866-520-4437 to make your payment over the telephone, or mail your payment to our address listed above. If you are mailing a payment to our office, please put file number []on your check."

*Id.* at Ex. A (file no. redacted by Plaintiff). The letter also references the Creditor as Synchrony Bank, Old Navy Visa Card ending in 9296, and the amount of debt as $1,912.28 above the body of the first paragraph. *Id.* Notably, Plaintiff does not allege that any of the information contained in the letter is inaccurate, nor does she dispute the debt. Futher, she does not take issue with any of the language contained in the body of the letter, which tracks the language required under 15 U.S.C. §§ 1692g and 1692e(11).

Plaintiff filed suit on January 28, 2019 alleging that the letter violated the FDCPA because it falsely implied that an attorney had reviewed the file and made a professional, considered determination to send the letter. Pl.'s Compl., Count I. Specifically, Plaintiff alleges that "sending a correspondence to Plaintiff suggesting that it was from, and reviewed by, an attorney" where "…Defendant's attorneys could not have engaged in a meaningful review of each collection letter sent and the underlying account(s) associated with those letters" violates 15 U.S.C. §§ 1692e, e(3), and e(10). *Id.* at ¶ 30. Further, Plaintiff alleges that "Defendant violated § 1692f when it unfairly

and unconscionably attempted to collect on a debt by falsely represented[sic] to Plaintiff the correspondence was reviewed by an attorney." *Id.* at ¶ 32.

15 U.S.C. 1692e states, in pertinent part, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

15 U.S.C. 1692f states, in pertinent part, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. 1692a(5) defines a "debt" as "any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

In support of her allegations, Plaintiff states:

- "All purchases Plaintiff made with the Old Navy store credit card issued through Synchrony Bank were made in connection with Plaintiff's personal use;"

- "Synchrony Bank is one of the largest issuers of credit in the United States and, as such, it stands to reason that Synchrony Bank has a proportionally large number of accounts that are referred to collection activities by third-party debt collectors such as Defendant;"

- "Synchrony works with Defendant on a regular basis;"

- "The attorney purporting to send the letter allows her signature on hundreds of collection letters per day without meaningful review;"

- "The lack of review is evidenced by the nature of the signature on the correspondence, the existence of a bar code on the bottom of the letter," and a "multitude of complaints" against Defendant; and

- "Based on the automated nature of Defendant's collection letter process, and the representation inherent within such communications, it would be virtually impossible for a single attorney to review the mass amount of collection letters Defendant sends in relation to Synchrony debts."

Pl.'s Compl. at ¶¶ 11-24.

Plaintiff's complaint fails to allege an injury, fails to allege specific facts demonstrating that her debt was incurred for personal and household purposes, contains supposition regarding Defendant's volume of work and review process supported by no factual allegations, and fails to plead that Defendant made any false or misrepresentative statement. Therefore, this court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because Plaintiff lacks standing, and Plaintiff's complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Additionally, Defendant denies each and every allegation contained in Plaintiff's complaint. Defendant further states that a meaningful review was conducted before the letter was sent to Plaintiff, and Defendant is fully prepared to demonstratively refute the allegations should this motion be denied. Accordingly, the complaint should be dismissed.

## I.    THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF LACKS STANDING

### A.  Legal Standard

Pursuant to Article III of the United States Constitution, federal jurisdiction is limited to "cases and controversies," and standing is "an essential and unchanging part of" this requirement. U.S. Const. art. III, § 2; *Lujan v. Defendants of Wildlife,* 504 U.S. 555, 560 (1992).  If the plaintiff lacks standing, the federal court lacks jurisdiction. Thus, standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing standing.  *Lujan,* 504 U.S. at 561.  At the pleading stage, this burden consists of "clearly" alleging facts that demonstrate each element of standing. *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016). "To satisfy the 'irreducible minimum of standing,' the plaintiff must establish that: (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical; (2) that there is a causal connection between the injury and the defendant's alleged wrongdoing; and (3) that the injury can likely be redressed." *Lujan,* 504 U.S. at 560-61.

### B.  Plaintiff does not allege she suffered an injury in fact that is concrete and particularized, actual or imminent, and that is causally linked to the alleged FDCPA violations.

In order to plead standing, a plaintiff must allege facts demonstrating that she suffered harm that was "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc.*, 136 S. Ct. at 1547 - 48. A plaintiff does not "automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."  *Id.* at 1549. A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article

III." *Id.*, citing *Summers v. Earth Island Institute*, 555 U.S. 488, 496 (2009) and *Lujan,* 504 U.S. at 572.

In this case, Plaintiff alleges that Defendant violated sections 1692e and 1692f of the FDCPA by misrepresenting that an attorney had meaningfully reviewed her case prior to sending the debt collection letter. Under *Spokeo*, a plaintiff must allege "an injury in fact" that "is fairly traceable to the challenged conduct of the defendant." *Spokeo,* 136 S. Ct. at 1547. Here, Plaintiff fails to allege any injury in fact. Plaintiff claims only that, as a result of receiving the letter, she was "unfairly confused," "subjected to undue pressure," and has suffered "financial loss including assets dealing with the Defendant's conduct." Pl.'s Compl., ¶¶ 27-28. However, she does not claim that the letter misrepresented the amount owed, nor does she dispute the debt. In fact, she does not take issue with any substantive portion of the letter, which merely recites the statutorily required language that the law firm has been retained to collect the debt, and as such, the letter is from a debt collector. Therefore, Plaintiff has failed to allege how her alleged confusion, sense of pressure, and financial loss are anything more than what she was already experiencing from failing to make timely payments on her debt; nor does she aver that the confusion and pressure caused by this letter is any different than what she would feel if faced with a "valid" debt collection letter.

Anxiety about a valid legal action or debt collection process that may occur is not the type of harm the FDCPA was designed to prevent. *Sheriff v Gillie*, 136 S.Ct. 1594, 1603 (2016). Such anxiety is the result of the fact that Plaintiff is delinquent in paying her debt and the real possibility that a lawsuit will properly be filed to collect the debt she failed to pay; this is not a concrete injury "fairly traceable to the challenged action of the defendant." *Spokeo*, 136 S.Ct. at 1547. Therefore, Plaintiff has failed to allege an injury in fact that is fairly traceable to the alleged misrepresentation.

Further, while "'[c]oncrete' is not ... necessarily synonymous with 'tangible…[T]he violation of a procedural right granted by statute can be sufficient in *some* circumstances to constitute injury in fact,' such as where the statutory violation creates '*risk* of *real harm*.'" *Spokeo*, 136 S.Ct. at 1549(emphasis added). *Spokeo* and its related cases found a sufficient "real risk of harm" in relation to alleged FDCPA violations in a number of scenarios, none of which include merely receiving a debt collection letter from an attorney. S*ee e.g.*, *Evans v. Portfolio Recovery Associates, LLC*, 889 F. 3d 337 (finding standing where allegation of failure to report disputed debt to credit reporting agencies created real risk of inaccurate credit rating); *see also*, *Volkman v. Enhanced Recovery Compnay, LLC*, 2018 WL 5282900, *2 (E.D. Wis. 2018) (finding standing where allegation of failure to disclose the creditor's identity created real risk of harm that the plaintiff would be unable to pay the debt ); *see also, Reed v. IC System, Inc.*, 2017 WL 89047 (W.D. Penn.) (finding injury sufficiently concrete to confer standing where the plaintiff alleged repeated harassing phone calls from the defendant); *see also, Pierre v. Midland Credit Management, Inc.*, 2017 WL 1427070 (N.D. Ill. 2017) (finding standing where the plaintiff alleged that dunning letter sought time-barred debt and did not contain FDCPA mandated disclosures). All of these cases dealt with real and articulable risks created by the conduct, such as being unable to pay the creditor because the information was not provided or the risk of a inaccurate credit rating because of improper reporting. By contrast, the Plaintiff in this case does not state how the alleged misrepresentation that her case had been reviewed has created any real risk of harm, nor is there any. As discussed above, she does not dispute the debt or the amount owed. Therefore, any anxiety she may have felt upon receipt of the letter is the result of her failure to service her debt and the real possibility that a lawsuit will properly be filed to collect the debt she failed to pay; this is not

a concrete injury "fairly traceable to the challenged action of the defendant." *Spokeo*, 136 S.Ct. at 1547.

Alleging a violation of the FDCPA alone is insufficient to create subject matter jurisdiction in the federal courts. Under *Spokeo*, a plaintiff must plausibly allege that she suffered an actual injury caused by the alleged FDCPA violation. Plaintiff has failed to allege any actual injury or a connection between the alleged procedural violation and any perceived injury. Therefore, she lacks standing to bring her claims.

## II.  PLAINTIFF FAILS TO STATE A CLAIM UNDER 15 U.S.C. §§ 1692e AND 1692f.

### A.  Legal standard.

The federal rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 "does not require detailed factual allegations... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007), citation omitted. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* In the context of the FDCPA, a plaintiff may not proceed if the "allegations do not plausibly describe a debt collection practice that was unfair or unconscionable with respect to" the plaintiff. *Todd v. Collecto, Inc.,* 731 F.3d 734, 739 (7th Cir. 2013).

### B.  Plaintiff fails to allege specific facts demonstrating that the debt incurred was a personal, family, or household debt as defined by the FDCPA.

Plaintiff's complaint contains no factual allegations to support her legal conclusion that the debt she incurred was a consumer "debt" as defined in the FDCPA. The FDCPA applies to debts as defined under 15 U.S.C. 1692a(5), which states "the term 'debt' means any obligation of a

consumer to pay money arising out of a transation in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household purposes*, whether or not such obligation has been reduced to judgment." (emphasis added). Here, Plaintiff's statement that "all purchases Plaintiff made with the Old Navy store credit card issued through Synchrony Bank were made in connection with Plaintiff's personal use," is merely a regurgitation of the statutory language contained in 15 U.S.C. § 1692a(5), and therefore constitutes a "legal conclusion couched as a factual allegation" that the court is not bound to accept as true. *Twombly,* 550 U.S. at 555.

Most recently, the U.S. District Court for the Southernn District of Ohio addressed this issue in *Walker v. Lyons, Doughty & Veldhuis, P.C.*, 18-CV-513, 2019 WL 1227792 (S.D. Ohio 2019). In *Walker,* the plaintiff alleged a violation of the FDCPA, and pled merely that the debt at issue was incurred "for purchasing items for personal, family or household pruposes." *Id.* at *2. The court dismissed the plaintiff's complaint with prejudice finding that the complaint "merely regurgitate[d] the statutory language of the FDCPA but provide[d] no factual allegations to support that legal conclusion." *Id.* at *3. The court held that the "mere recitation of the statutory language that the debt was 'incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a 'debt' as that term is defined by 15 U.S.C. § 1692a(5),' constitutes 'a legal conclusion couched as a factual allegation' and the Court is 'not bound to accept [it] as true.'" *Id.* (citing *Piper v. Meade & Associate, Inc.,* 282 F. Supp. 3d 905, 912 (D. Md. 2017).

The *Walker* court also noted that the vast majority of courts have found that a conclusory statement that the debt was incurred for personal, family, or household purposes is insufficient to state a claim under the FCPA. *Id.* at *2; *See Garcia v. Primary Fin. Servs.*, 605 Fed. App'x 418,

418-19 (5th Cir. 2015) (affirming dismissal of FDCPA claims based on plaintiff's mere recital of statutory language); *Piper*, 282 F. Supp. 3d at 912 (granting motion to dismiss where plaintiff's conclusory statement that a debt was "incurred for personal purposes" does not sufficiently plead an FDCPA claim); *Maleh v. United Collection Bureau, Inc.*, 287 F. Supp. 3d 265, 271-72 (E.D.N.Y. 2018)(compiling cases holding that "plaintiffs who recite the statutory definition of 'debt' rather than plead facts regarding the debt's nature have not adequately pled an FDCPA claim."); *Shetty v. Lewis*, No. 16-CV-3112, 2017 WL 1177993, at *6 (N.D. Cal. Mar. 30, 2017) (granting motion to dismiss where plaintiff's conclusory statement that a debt was "incurred for personal purposes" does not sufficiently plead an FDCPA claim); *Billie v. Credit Collection Servs.*, No. 16-CV-786, 2017 WL 396536, at *3 (D. Conn. Jan. 30, 2017) (collecting cases dismissing FDCPA claims based on similar allegations and dismissing the plaintiff's claim because "the Second Circuit made clear that the allegation that a transaction was 'primarily for personal, family or household purposes[,]' as required by the FDCPA, is 'not entitled to a presumption of truth' " (citing *Scarola Malone*, 638 Fed.Appx. at 102–03) ); *Sanon–Lauredant v. LTD Fin. Servs., L.P.*, No. 15-CV-6529, 2016 WL 3457010, at *2 (D.N.J. June 22, 2016) (granting motion to dismiss where merely repeated the language of the statute); *Jenkins v. Santiago*, No. 11-CV-1082, 2012 WL 3242354, at *3 (M.D. Fla. Aug. 8, 2012) (granting motion to dismiss where allegation that debt was incurred primarily for personal, family, or household purposes was merely a reiteration of the statutory definition); *Nicholas v. CMRE Fin. Servs., Inc.*, No. 08-CV-4857, 2009 WL 1652275, at *2 (D.N.J. June 11, 2009) (dismissing as "conclusory" and "devoid of any factual detail" claims based on allegations that "addresses [the plaintiff's] debt in language derived from 15 U.S.C. § 1692a(5) as 'a financial obligation arising out of a transaction in which the money,

property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes' ").

Here, Plaintiff's complaint is equally devoid of any factual allegations demonstrating that the incurred debt was primarily for personal, family or household purposes. Paragraph 11 of Plaintiff's complaint merely states "all purchases Plaintiff made with the Old Navy store credit card issued through Synchrony Bank were made in connection with Plaintiff's personal use," which is a regurgitation of the statutory language contained in 15 U.S.C. § 1692a(5), and therefore constitutes a "legal conclusion couched as a factual allegation" that this court is not bound to accept as true. *Twombly,* 550 U.S. at 555. Therefore, Plaintiff has failed to plead any factual allegations to support her legal conclusion that the debt she incurred in this case is a "debt" as defined by the FDCPA, and her complaint must be dismissed.

### C. Plaintiff's allegations do not contain sufficient facts to state a claim upon which relief can be granted under §§ 1692e or 1692f.

Plaintiff's allegations that Defendant violated §§ 1692e and 1692f because it did not engage in a meaningful review of the subject debt collection letter before sending it are insufficient because they do not satisfy Rule 8. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. While "detailed factual allegations are not required, mere 'labels and conclusions'…are not enough."*Id*. Here Plaintiff's allegations amount to mere labels and conclusions based on pure speculation. In support of her claim, Plaintiff merely states that Synchrony is "one of the largest issuers of credit in the United States", therefore it "stands to reason that the client has a proprtionally large number of accounts referred to collection by third-party debt collectors." Plaintiff then somehow concludes

11

that Defendant sends thousands of collection letters every day and Attorney Civelli sends hundreds, which would make it "virtually impossible" for her to review them before sending. Plaintiff does not plead any information concerning the volume of work Defendant does for Synchrony, let alone information concerning Defendant's process for reviewing files prior to sending collection letters.

Further, Plaintiff states that "[t]he lack of attorney review is evidenced by the nature of the signature appearing on the correspondence" and "the existence of a bar code… *likely* included as a way to more readily track he[sic] mass amount of collection letters Defendant sends to consumers on a daily basis." Pl.'s Compl. ¶¶ 21-22 (emphasis added). These statements are purely conclusory, and, as discussed above, based on mere speculation regarding the volume of work Defendant does for Synchrony. In ruling on a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly,* 550 U.S. at 555. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* When stripped of legal conclusions, Plaintiff's allegations regarding attorney involvement amount to "Synchrony Bank hires a lot of debt collectors, of which defendant is one," and, "the letter Defendant sent was a form letter." This is insufficient to raise a right of relief above the speculative level.

There must be material facts pled to support Plaintiff's belief that Defendant misrepresented the attorney involvement in its collection process. The fact that Defendant's client is a large bank and Defendant uses a "form" letter, which is only a "form letter" insofar as it sets forth information *required* under §§ 1692g and 1692e(11) by tracking the language contained therein, is simply not enough to create a plausible inference that Defendant was not sufficiently involved in the collection process. Defendant did meaningfully review the case file prior to sending

the debt collection letter to Plaintiff, and does so in every case. Therefore, the allegations are not sufficient to state a claim upon which relief can be granted under §§ 1692e and 1992f and the court should dismiss the complaint.

### D. Plaintiff has failed to plead that Defendant made any false or misleading representation where the letter accurately defines the role of the attorney and nature of the correspondence.

The most recent Supreme Court treatment of § 1692e applied a common sense, content-based approach to deciding whether an attorney communication was deceptive. In *Sheriff v. Gillie*, 136 S.Ct. 1594 (2016), the defendant law firms employed an attorney who purported to have been appointed to serve as "special counsel" to collect debts owed to the State of Ohio. *See Gillie v. Law Office of Eric A. Jones, LLC*, 785 F.3d 1091, 1096 (6th Cir. 2015). The plaintiffs each received a letter printed on the letterhead of Ohio's Attorney General Mike DeWine ("OAG") that was signed by an attorney identified as "Outside Counsel for the Attorney General's Office." *Id.* at 1096, 1119. The plaintiffs argued that the letters violated Section 1692e's general prohibition on "false, deceptive, or misleading" communications, and several enumerated subsections, including "falsely representing that a communication is being issued by a government agent." *Id.* at 1107.

The district court granted summary judgment for the defendant law firms concluding that, given the relationship an attorney at each firm had with the OAG, the letters were not "false, deceptive or misleading" under § 1692e. *Id.* at 1097. A panel majority of the 6th Circuit Court of Appeals found that the defendants' use of the OAG's letterhead was "an attempt to intimidate debtors into promptly paying the debt out of fear that the attorney general might take punitive action against them," and therefore found a question of fact as to whether the letters violated § 1692e. *Gillie v. Law Office of Eric A. Jones, LLC*, 2015 WL 13679980 (6th Cir. July 14, 2015) at *1. The Supreme Court reversed the panel majority, finding that the letters could not be "fairly

13

described as 'false' or 'misleading.'" *Sheriff*, 136 S.Ct. at 1598. Rather, the Court held, "petitioners complied with the [FDCPA], as their use of the Attorney General's letterhead accurately conveys that special counsel act on behalf of the Attorney General." *Id.* at 1600. The Supreme Court also noted:

> Neither of the milquetoast letters... threatens criminal prosecution, civil penalties, or any action whatsoever. Use of the Attorney General's letterhead merely clarifies that the debt is owed to the State, and the Attorney General is the State's debt collector. The FDCPA is not sensibly read to require special counsel to obscure that reality.

*Id.*

Similarly, in *Avila v. Rubin,* 84 F.3d. 222 (7th Cir. 1996), the Seventh Circuit held that "*the language used in the collection letters,*" and not the mere fact that an attorney sent a letter, implied that the attorney "had made judgments about how to collect individual debts," including the potential for litigation. *Id.* at 229 (emphasis added). The case involved five letters sent to the plaintiff in quick succession, including one from an attorney "threatening a civil suit if payment is not forthcoming." *Id.* at 225.

Here, Plaintiff's entire cause of action is predicated on her allegation that the letter, simply by appearing on attorney letterhead with an attorney signature, creates an implication that the attorney gave the Plaintiff's case meaningful review before determining it was appropriate to send the letter. Assuming *arguendo* that this is sufficient to create such an implication, Plaintiff fails to allege any facts to support an inference that no meaningful review took place, as discussed above. Plaintiff's conclusory and speculative allegations are devoid of any supporting facts because Defendant did in fact conduct a meaningful review prior to sending the letter. Therefore, the letter cannot be fairly described as false or misleading.

14

However, the letterhead and signature line alone do not determine what representations are made because under *Sheriff* and *Avila* the content of the letter is dispositive. In this case, as in *Sheriff* and *Avila*, the letter makes no threats of litigation, nor any suggestion of legal action at all. Further, the letter is silent regarding whether a review was conducted, and merely states that the debt was owed to Synchrony Bank, that Defendant was retained to collect the debt, that Plaintiff had certain rights under the FDCPA, and that if Plaintiff wished to make a payment she could do so by telephone or mail. The letter accurately and simply conveys that Defendant and its attorney were retained to collect debts owed to Synchrony Bank, and therefore, the letter created no false impression about the role of the attorney or the review that was undertaken and cannot be fairly described as false or misleading. Therefore, Plaintiff has failed to plead that Defendant made any false representation and dismissal is proper under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Meyer Njus Tanick, PA respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss Plaintiff's claims against this defendant, and for any and all such further relief as the Court deems just and proper.

**REQUEST FOR ORAL ARGUMENT**

Defendant respectfully requests that this Court set its Motion to Dismiss Plaintiff's Complaint for oral argument.

DATED:  May 2, 2019

Respectfully Submitted,

By: */s/  Evan D. Powell*

   Evan D. Powell
   Jonathan M. Lively
   Segal McCambridge Singer & Mahoney, Ltd.
   233 South Wacker Drive – Suite 5500
   Chicago, Illinois 60606
   Phone: (312) 645-7800
   edpowell@smsm.com
   jlively@smsm.com

   **ATTORNEYS FOR DEFENDANT MEYER NJUS TANICK, PA**