**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIA G. VILLALOBOS, | |
|     Plaintiff, | Case No.: 1:19-cv-00545 |
| v. | Honorable Ruben Castillo |
| MEYER NJUS TANICK, PA., | |
|     Defendant. | |

**DEFENDANT MEYER NJUS TANICK, PA'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

Defendant Meyer Njus Tanick, PA ("MNT"), by and through its attorneys, SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD., and for its Answer to Plaintiff's First Amended Complaint states as follows:

**Nature of the Action**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 et seq. for Defendant's unlawful conduct.

**ANSWER**: Defendant admits that Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et* seq. but denies it engaged in any unlawful conduct in violation of the same.

**Jurisdiction and Venue**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.0 §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

**ANSWER:** Defendant denies that this Court has subject matter jurisdiction because Plaintiff lacks standing to bring this matter. However, Defendant admits that this action arises under the FDCPA and that subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER:** Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**Parties**

4. Plaintiff is a 22-year old consumer and a natural person residing in Hillside, Illinois, which lies within the Northern District of Illinois.

**ANSWER:** Defendant objects to the allegations in paragraph 4 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 4 and therefore denies the same leaving Plaintiff to her proof.

5. Defendant is a debt collection law firm that specializes in the collection of debts owed to third-parties. Defendant is a professional association organized under the laws of the state of Minnesota with its principal place of business located at 330 Second Avenue South, Suite 350, Minneapolis, Minnesota. Defendant maintains an Illinois office at 33 North Dearborn Street, Suite 1301, Chicago, Illinois 60602.

**ANSWER:** Defendant objects to the allegations in paragraph 5 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies that the allegations contained in paragraph 5 accurately and completely characterize the nature and scope

of its business, but admits that it is a law firm and that it does engage in the collection of debts owed to third parties. Defendant admits the remaining allegations contained in paragraph 5.

      6.      On its web-site Defendant identifies itself as a debt collector

**ANSWER:** Defendant objects to the allegations in paragraph 6 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies the allegations contained in paragraph 6 as they fail to fully and completely characterize the content of Defendant's website.

      7.      Defendant is a "person" as defined by 47 U.S.C. §153(39).

**ANSWER:** Defendant objects to the allegations in paragraph 7 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant admits the allegations contained in paragraph 7.

      8.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**ANSWER**    Defendant admits the allegations contained in paragraph 8.

**Facts Supporting Causes of Action**

      9.      The instant action arises out of Defendant's attempts to collect upon an outstanding Synchrony Bank consumer obligation ("subject consumer debt") allegedly owed by Plaintiff.

**ANSWER:** Defendant admits that the instant action arises out of its attempt to collect upon an outstanding debt owed by Plaintiff to Synchrony Bank. Defendant objects to the Plaintiff's use of the term "consumer debt" as it amounts to an improper conclusion of law. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegation that the subject debt is a "consumer debt" and therefore denies the same leaving Plaintiff to her proof.

10. The subject consumer debt stems from an Old Navy store credit card issued through Synchrony Bank — and Synchrony Bank is in the business of extending consumer finance to consumers through the issuance of various store credit cards.

**ANSWER:** Defendant admits that the subject debt stems from an Old Navy store credit card issued through Synchrony Bank and that Synchrony Bank extends consumer finance to consumers. Defendant objects to the Plaintiff's use of the term "consumer debt" as it amounts to an improper conclusion of law. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegation that the subject debt is a "consumer debt" and therefore denies the same leaving Plaintiff to her proof.

11. All of the purchases Plaintiff made with the Old Navy store credit card issued through Synchrony Bank were made in connection with Plaintiff's personal use.

**ANSWER:** Defendant objects to the allegations in paragraph 11 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 11 because Defendant is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the amount which it sought to collect.

12. After incurring the subject consumer debt, Plaintiff allegedly defaulted on her payment to Synchrony Bank.

**ANSWER:** Defendant admits that Plaintiff defaulted on her payment to Synchrony Bank after incurring the subject debt. Defendant objects to Plaintiff's use of the term "consumer debt" as it amounts to an improper conclusion of law. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegation that the subject debt is a "consumer debt" and therefore denies the same leaving Plaintiff to her proof.

13. Synchrony Bank turned the collection of the subject consumer debt over to Defendant after Plaintiff's alleged default.

**ANSWER:** Defendant admits that Synchrony Bank turned collection of the subject debt over to Defendant after Plaintiff's default. Defendant objects to Plaintiff's use of the term "consumer debt" as it amounts to an improper conclusion of law. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegation that the subject debt is a "consumer debt" and therefore denies the same leaving Plaintiff to her proof.

14. On or around December 26, 2018, Defendant caused to be sent a correspondence to Plaintiff which sought collection of the subject consumer debt.

**ANSWER:** Defendant admits that on or around December 26, 2018 it sent the correspondence attached as Exhibit A to Plaintiff's Complaint seeking collection of the subject debt. Defendant objects to the Plaintiff's use of the term "consumer debt" as it amounts to an improper conclusion of law. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegation that the subject debt is a "consumer debt" and therefore denies the same leaving Plaintiff to her proof.

15. The correspondence identifies Defendant as "Attorneys at Law" and a "debt collector."

**ANSWER:** Defendant admits the allegations contained in paragraph 15.

16. The correspondence further listed the attorneys whom work for Defendant and their jurisdictions of admission. Among the attorneys identified is Elila K Civelli ("Civelli").

**ANSWER:** Defendant admits the allegations contained in paragraph 16.

17. On the signature line of the correspondence it purported to be sent by attorney Civelli. However, the correspondence contained only an indiscernible scribble.

**ANSWER:** Defendant admits that the correspondence was sent by attorney Elila K. Civelli ("Civelli") and that she is identified in the signature line. Defendant denies that the correspondence contained only an indiscernible scribble.

18. Synchrony Bank is one of the largest issuers of credit in the United States. As such it stands to reason that Synchrony Bank has a proportionally large number of accounts that are referred to collection activities by third-party debt collectors such as Defendant.

**ANSWER:** Defendant objects to the allegations in paragraph 18 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 18 and therefore denies the same leaving Plaintiff to her proof.

19. Synchrony Bank works with Defendant on a regular basis and Defendant sends thousands of identical collection letters to consumers on a daily basis. *See e.g., Knack-Toms v. Meyer Njus Tanick, PA* No. 18-cv-50249, 2018 U.S. Dist. LEXIS 192002 (N.D. Ill. Nov. 9, 2018).

**ANSWER:** Defendant objects to the allegations in paragraph 19 as they call for legal conclusions to which no response is required. If a response is required, Defendant admits that it has worked with Synchrony Bank but lacks sufficient information to form a belief as to the truth or falsity of the allegation that it works with Synchrony Bank on a "regular basis," as that term is insufficiently defined. Defendant denies that it sends thousands of identical collection letters to consumers on a daily basis.

20. The collection letter at issue here contains nearly identical language as the collection letter in *Knack-Toms*.

**ANSWER:** Defendant admits that the language contained in the body of the collection letter at issue is identical to the language used in the body of the collection letter in *Knack-Toms*, as said language is required pursuant to 15 U.S.C. §§ 1692g and 1692e(11).

21. The attorney purportedly sending the correspondence to Plaintiff allow their signature to be included on hundreds of such collection letters per day without engaging in a meaningful review of the underlying account prior to determining the veracity of the representations.

**ANSWER:** Defendant denies the allegations contained in paragraph 21.

22. The lack of attorney review is evidenced by the nature of the signature appearing on the correspondence.

**ANSWER:** Defendant objects to the allegations in paragraph 22 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies the allegations contained in paragraph 22.

23. The automated nature of the manner in which Defendant sends its collection letters is further demonstrated by the existence of a bar code on the bottom of each collection letter, as this bar code is likely included as a way to more readily track the mass amount of collection letters Defendant sends to consumers on a daily basis.

**ANSWER:** Defendant objects to the allegations in paragraph 23 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies the allegations contained in paragraph 23.

24. Based upon the automated nature of Defendant's collection letter process, and the representations inherent within such communications, it would be virtually impossible for a single

attorney to review the mass amount of collection letters Defendant sends in relation to Synchrony debts.

**ANSWER:** Defendant objects to the allegations in paragraph 24 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies the allegations contained in paragraph 24.

25. The lack of meaningful review in the correspondence sent by Defendant is further evinced upon considering and reviewing the multitude of complaints that have been filed against Defendant in federal courts throughout the country, as well as with the Consumer Financial Protection Bureau.

**ANSWER:** Defendant objects to the allegations in paragraph 25 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies the allegations contained in paragraph 25.

26. These complaints elucidate a problematic course of conduct (e.g., attempting to collect upon an incorrect consumer, attempting to collect an incorrect amount, attempting to collect money exempt from collection, failing to provide sufficient information regarding the underlying debt, threatening to sue for time-barred debts, etc. etc.) which seemingly would or could have been avoided had Defendant's attorneys meaningfully reviewed the correspondence.

**ANSWER:** Defendant objects to the allegations in paragraph 26 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies the allegations contained in paragraph 26.

27. Defendant's communications, purportedly reviewed by attorneys prior to being sent, are done with the goal to exert undue pressure on Plaintiff and consumers generally to compel

them into making payment of out of fear that Defendant, a law firm, will file a lawsuit against them if payment is not made.

**ANSWER:** Defendant objects to the allegations in paragraph 27 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies the allegations contained in paragraph 27.

28. As a result of receiving the correspondence, Plaintiff was unfairly confused regarding Defendant's representations and examination of the subject consumer debt, and was further subjected to undue pressure that an attorney had reviewed her account and determined it was proper for legal action.

**ANSWER:** Defendant denies the allegations contained in paragraph 28.

29. Plaintiff has suffered financial loss including expending assets dealing with Defendant's conduct.

**ANSWER:** Defendant denies the allegations contained in paragraph 29.

### Count I – Violation of the Fair Debt Collection Practices Act

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

**ANSWER:** Defendant repeats and reasserts its answers to paragraphs 1 through 29 as though full set forth herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

**ANSWER:** Defendant objects to the allegations in paragraph 31 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 31 and therefore denies the same leaving Plaintiff to her proof.

32. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:** Defendant objects to the allegations in paragraph 32 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 32 with respect to Plaintiff because Defendant is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the amount which it sought to collect. Defendant admits that in certain circumstances and in certain instances, it attempts to collect debts from consumers. Defendant admits that in certain circumstances and in certain instances, it uses the mails and/or the telephone to collect or attempt to collect delinquent consumer debts.

33. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

**ANSWER:** Defendant objects to the allegations in paragraph 33 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies that the allegations contained in paragraph 33 accurately and completely characterize the nature and scope of its business. Defendant admits that in certain circumstances and in certain instances, it attempts to collect defaulted debts owed or due to others.

34. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**ANSWER:** Defendant objects to the allegations in paragraph 34 as they call solely for legal conclusions to which no response is required. If a response is required, Defendant lacks sufficient

information to form a belief as to the truth or falsity of the allegations contained in paragraph 34 because Defendant is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the amount which it sought to collect.

### a. Violations of the FDCPA § 1692e

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

**ANSWER:** Defendant admits that the language recited in paragraph 28[sic] recites a portion of the FDCPA but denies that Plaintiff has any such claim herein.

29. In addition, this section enumerates specific violations, such as:

> "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

**ANSWER:** Defendant admits that the language recited in paragraph 29[sic] recites a portion of the FDCPA but denies that Plaintiff has any such claim herein.

30. Defendant violated 15 U.S.C. §§ 1692e, e(3), and e(10) by sending a correspondence to Plaintiff suggesting that it was from, and reviewed by, an attorney. Upon information and belief, the attorney whose signature appears on the correspondence allow their signature to be used on hundreds of collection letters on a daily basis. Based on the sheer volume of collection letters Defendant's attorneys send on a daily basis, Defendant's attorneys could not have engaged in a meaningful review of each collection letter sent and the underlying account(s) associated with those letters. Instead, it is clear that Defendant's collection letter were the result of a mass produced campaign. Sending form collection letters en masse said to be from an attorney

when such attorney did not engage in a meaningful review of the letter and associated accounts falsely implies that such attorney has reviewed the file and made the professional, considered determination to send the letter. Instead, the lack of sufficient review and the lack of any attorney judgment as to whether to send collection letters is in violation of the FDCPA.

**ANSWER:** Defendant objects to the allegations in paragraph 30[sic] as they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies the allegations contained in paragraph 30[sic].

### b. Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER:** Defendant admits that the language recited in paragraph 31[sic] recites a portion of the FDCPA but denies that Plaintiff has any such claim herein.

32. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by falsely represented to Plaintiff the correspondence was reviewed by an attorney. Based upon the mass produced nature of Defendant's collection letter, Defendant unfairly attempted to escalate the concern over the subject consumer debt in Plaintiff's mind by suggestion attorneys had reviewed her file and decided it was appropriate for legal action. These means employed by Defendant only served to worry and confuse Plaintiff.

**ANSWER:** Defendant objects to the allegations in paragraph 32[sic] as they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies the allegations contained in paragraph 32[sic].

WHEREFORE, Defendant Meyer Njus Tanick, PA denies that Plaintiff is entitled to statutory damages, actual damages, or costs and attorney fees in any amount whatsoever, and further prays for a judgment in its favor and against Plaintiff plus costs of this action.

**Affirmative Defenses**

1. Plaintiff's First Amended Complaint fails to allege sufficient facts to establish standing.

2. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

3. Defendant alternatively alleges, pursuant to Fed. R. Civ. P. 8(d)(2), that if any violation of the FDCPA occurred, which Defendant denies, it was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Therefore, Defendant and its agents and/or employees are protected by the "bona fide error" defense pursuant to 15 U.S.C. 1692k(c).

4. Defendant affirmatively alleges that Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

5. Plaintiff's claims are barred by the applicable statute of limitations.

6. Defendant denies any liability, however, in the event any liability is established Plaintiff has suffered no actual damages.

7. Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on any other applicable defenses as may become available or apparent during discovery or other proceedings. Defendant further reserves the right

to delete affirmative defenses it determines are no longer applicable, and to amend this Answer or these affirmative defenses accordingly.

WHEREFORE, Defendant respectfully requests that this Honorable Court deny Plaintiff any relief under her First Amended Complaint, award Defendant their attorney's fees and costs, and grant all further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all claims so triable.

Respectfully Submitted,

SEGAL, MCCAMBRIDGE SINGER & MAHONEY, LTD.

By: */s/ Evan D. Powell*
Evan D. Powell – epowell@smsm.com
Jonathan M. Lively – jlively@smsm.com
Segal McCambridge Singer & Mahoney, Ltd.
233 South Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800
**ATTORNEYS FOR DEFENDANT MEYER NJUS TANICK, PA**